**Form 149**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Wintis K. Gibson Jr.**
Debtor(s)

Bankruptcy Case No.: 19–21834–GLT
Issued Per 11/7/2019 Proceeding
Chapter: 13
Docket No.: 40 – 34
Concil. Conf.: November 7, 2019 at 01:30 PM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated August 3, 2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☒ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $1,713.00 as of November, 2019. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Nov. 7, 2019 at 01:30 PM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.   shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☒ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Claim No. 8 of Pittsburgh School District as timely filed. .

☒ H.   Additional Terms: A Fee Application is needed if any fee (including retainer) exceeds $4,000.00 including any fees paid to prior counsel.

Attorney fees to be paid base on no look with retainer of $1,000.00.

The secured claim(s) of the following Creditor(s) shall govern as to claim amount, to be paid at the modified plan terms: Claim No. 6 of Ally Bank.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*  **IT IS FURTHER ORDERED THAT:**

**A.**     After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**     Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**     Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**     Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**     The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**     In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Gregory L. Taddonio, Judge
United States Bankruptcy Court

Dated: November 8, 2019

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                              Case No. 19-21834-GLT
Wintis K. Gibson, Jr.                                               Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: dbas                Page 1 of 2            Date Rcvd: Nov 08, 2019
                              Form ID: 149              Total Noticed: 21

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 10, 2019.
db             +Wintis K. Gibson, Jr.,    4449 Whitebush Street,    Homestead, PA 15120-1220
cr             +City of Pittsburgh and City of Pittsburgh School D,    Goehring, Rutter, and Boehm,
                 437 Grant Street, 14th Floor,    Frick Building,    Pittsburgh, PA  15219,
                 UNITED STATES OF AMERICA 15219-6101
15055805       +AMEX/DSNB,    9111 DUKE BLVD.,    Mason, OH 45040-8999
15092461       +City of Pittsburgh & School Dist. of Pittsburgh,    Goehring Rutter & Boehm,
                 c/o Jeffery R. Hunt, Esq.,    437 Grant Street, 14th Floor,    Frick Building,
                 Pittsburgh PA 15219-6101
15055807       +FREEDOM MORTGAGE,    PO BOX 619063,    Dallas, TX 75261-9063
15086108        Freedom Mortgage Corporation,    10500 Kincaid Drive,    Fishers, IN 46037-9764
15045710       +Freedom Mortgage Corporation,    c/o KML Law Group,    701 Market Street,    Ste 5000,
                 Philadelphia, PA 19106-1541
15055809       +MACYS/DSNB,    PO BOX 8218,    Mason, OH 45040-8218
15055811       +SEVERIA HERRINGTON,    910 CLARENCE ROAD,    Cleveland, OH 44121-1308
15055806      ++US BANK,    PO BOX 5229,    CINCINNATI OH 45201-5229
                (address filed with court:   ELAN FINANCIAL SERVICE,    PO BOX 790084,    Saint Louis, MO 63179)

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 09 2019 03:26:51
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15055804       +E-mail/Text: ally@ebn.phinsolutions.com Nov 09 2019 02:59:29     ALLY FINANCIAL,
                 PO BOX 380901,    Minneapolis, MN 55438-0901
15086297        E-mail/Text: ally@ebn.phinsolutions.com Nov 09 2019 02:59:29     Ally Bank,    PO Box 130424,
                 Roseville MN 55113-0004
15086453        E-mail/Text: bnc-quantum@quantum3group.com Nov 09 2019 03:00:12
                 Department Stores National Bank,    c/o Quantum3 Group LLC,    PO Box 657,
                 Kirkland, WA  98083-0657
15083295       +E-mail/Text: kburkley@bernsteinlaw.com Nov 09 2019 03:00:48     Duquesne Light Company,
                 c/o Bernstein-Burkley, P.C.,    707 Grant St., Suite 2200, Gulf Tower,
                 Pittsburgh, PA 15219-1945
15055810       +E-mail/PDF: pa_dc_claims@navient.com Nov 09 2019 03:26:30     NAVIENT,    123 S JUSTISON STREET,
                 Wilmington, DE 19801-5363
15065829        E-mail/Text: GUARBKe-courtdocs@ascendiumeducation.org Nov 09 2019 02:59:29
                 Navient Solutions, LLC. on behalf of,    Ascendium Education Solutions Inc,    PO BOX 8961,
                 Madison, WI 53708-8961
15055812       +E-mail/PDF: gecsedi@recoverycorp.com Nov 09 2019 03:26:45     SYNCB/LOWES,    PO BOX 965005,
                 Orlando, FL 32896-5005
15046660       +E-mail/PDF: gecsedi@recoverycorp.com Nov 09 2019 03:26:48     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15077765       +E-mail/PDF: gecsedi@recoverycorp.com Nov 09 2019 03:26:55     Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk VA 23541-1021
15080055        E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Nov 09 2019 03:27:02     Verizon,
                 by American InfoSource as agent,    PO Box 4457,    Houston, TX 77210-4457
                                                                                              TOTAL: 11

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              FREEDOM MORTGAGE   CORPORATION
cr              FREEDOM MORTGAGE CORPORATION
cr*            +Duquesne Light Company,    c/o Bernstein-Burkley, P.C.,
                 707 Grant Street, Suite 2200, Gulf Tower,    Pittsburgh, PA 15219-1945
15055808*      +Freedom Mortgage Corporation,    c/o KML Law Group,    701 Market Street,    Ste 5000,
                 Philadelphia, PA 19106-1541
                                                                                   TOTALS: 2, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 10, 2019                              Signature:  /s/Joseph Speetjens

```
District/off: 0315-2          User: dbas              Page 2 of 2            Date Rcvd: Nov 08, 2019
                              Form ID: 149            Total Noticed: 21
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 8, 2019 at the address(es) listed below:
              James    Warmbrodt    on behalf of Creditor    FREEDOM MORTGAGE   CORPORATION bkgroup@kmllawgroup.com
              James    Warmbrodt    on behalf of Creditor    FREEDOM MORTGAGE CORPORATION bkgroup@kmllawgroup.com
              Jeffrey R. Hunt    on behalf of Creditor    City of Pittsburgh and City of Pittsburgh School
               District jhunt@grblaw.com,   cnoroski@grblaw.com
              Jodi L. Hause    on behalf of Creditor    FREEDOM MORTGAGE   CORPORATION
               jodi.hause@phelanhallinan.com,   pawb@fedphe.com
              Keri P. Ebeck    on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com,
               jbluemle@bernsteinlaw.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              Russell A. Burdelski    on behalf of Debtor Wintis K. Gibson, Jr. atyrusb@choiceonemail.com
                                                                                             TOTAL: 8
```